

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-10-2006

# USA v. Nunez

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1637

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Nunez" (2006). *2006 Decisions.* Paper 1458.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1458

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-1637

———————

UNITED STATES OF AMERICA

v.

RICHARD NUNEZ,
                              Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Crim. 03-cr-00177
District Judge:  The Honorable Freda L. Wolfson

———————

Submitted Under Third Circuit LAR 34.1(a)
November 18, 2005

———————

Before: BARRY and AMBRO, <u>Circuit Judges</u>, and POLLAK,[*] <u>District Judge</u>

———————

(Opinion Filed: March 10, 2006)

———————

OPINION

———————

—————————

[*]The Honorable Louis H. Pollak, District Judge, United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

BARRY, <u>Circuit Judge</u>

Richard Nunez was convicted of possession of cocaine with intent to distribute and sentenced to 216 months in prison. He now appeals, claiming that that his sentence was unreasonable. We will affirm.

Nunez, who is 31, had by the year 2000 been convicted five times for possession of drugs in Egg Harbor and Pleasantville, New Jersey. Four of those convictions included as an element the intent to distribute the controlled substance. The most recent of those convictions carried a seven-year prison sentence, of which he served one year. He was diagnosed in 2000 with multiple sclerosis, which currently causes him occasional numbness in his feet, bowel problems, double vision, and muscle fatigue.

On January 12, 2003, at approximately 11:00 PM, Nunez was observed driving erratically by Pleasantville police. After running a stop sign, he nearly collided with a police car. The officer pulled Nunez over and approached his car. Nunez appeared nervous and admitted that he had been drinking. When the officer ordered Nunez to exit the car, Nunez drove off, causing minor injuries to another police officer. About three-quarters of a mile away, Nunez stopped the car and fled on foot, but fell and was arrested. A search of the car revealed a large plastic bag containing a white substance later confirmed to be 508.3 grams (net weight, at 85% purity) of cocaine. Nunez, after being read and waiving his <u>Miranda</u> rights, admitted possession of the cocaine. On further questioning, he admitted that between January 1, 2000 and his arrest, he had distributed 20 kilograms of cocaine and 163 grams of crack cocaine.

Nunez was charged with possession of 500 grams of cocaine with intent to distribute, 21 U.S.C § 841(a)(1), a crime punishable by up to forty years in prison, id. § 841(b)(1)(B). On March 17, 2004, he was convicted after a bench trial on stipulated facts. On May 4, 2004, he entered into a sentencing agreement with the government that stipulated to most of the details of his sentence under the Sentencing Guidelines.[1] In that agreement, the government agreed to seek a downward departure pursuant to U.S.S.G. § 5K1.1 if Nunez cooperated with the government in other investigations. He was ultimately deemed not to be a reliable witness, so the government did not move for a departure.

Before Nunez's sentencing hearing, the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), and declared the Sentencing Guidelines unconstitutional as applied. The Court struck 18 U.S.C. § 3553(b)(1), thereby making application of the Guidelines by the District Court advisory only. It left in place § 3553(a), which requires the District Court to consider various factors (including the Guidelines) prior to imposing sentence and § 3553(c), which requires the District Court to "state in open court the reasons for its imposition of the particular sentence." See Booker, 543 U.S. at 258-60. The Court also struck § 3742(e), which had specified the standard of review to be applied on appeal, replacing it with a general review for "reasonableness." Booker, 543 U.S. at

---

[1] The government argues that Nunez waived his right to appeal his sentence. Nunez counters that the agreement was not made voluntarily and knowingly. Given our disposition herein, we need not reach this issue.

3

260-62.

Nunez was sentenced on February 23, 2005. The District Court began by confirming with the parties what the applicable Guidelines range would be. Based on the quantities of drugs that Nunez admitted distributing, the base offense level was 34. See U.S.S.G § 2D1.1(c)(3). That level was increased by 2 for recklessly endangering others during flight, see U.S.S.G. § 3C1.2, and then decreased by 3 for Nunez's acceptance of responsibility, see U.S.S.G. § 3E1.1. His previous convictions gave him 13 criminal history points, for a criminal history category of VI.[2] See U.S.S.G. Ch. 5 Pt. A. The Guideline imprisonment range for an offense level of 33 and a criminal history category of VI is 235 to 293 months.

The District Court sought the assistance of the parties so that it could appropriately exercise its post-Booker discretion. Nunez argued that his deteriorating health meant that a shorter sentence would be sufficient to protect the public from further crimes on his part. See 18 U.S.C. § 3553(a)(2)(C). Similarly, he argued, his increasing need for medical care would make a long sentence especially harsh. See id. § 3553(a)(2)(D).  The District Court discussed the § 3553(a) factors and particularly noted Nunez's long criminal history and the substantial quantity of drugs involved. The Court found that Nunez's

_____

[2] Nunez's multiple controlled substance convictions also made him a "career offender" under the Guidelines, mandating the application of criminal history category VI and a minimum offense level (before adjustment for acceptance of responsibility) of 34. As his offense level and criminal history category were already at or above these floors, his applicable Guidelines range was not affected.

4

health problems were not sufficiently established such that they were a serious current issue, that the prison system has the "medical capability to deal with these problems," and that he was currently receiving appropriate medication. Finally, the Court discussed Nunez's willingness to cooperate with the government, even though the cooperation was ultimately fruitless. After weighing these considerations, the District Court sentenced Nunez to 216 months in prison.

We have jurisdiction to review the judgment of sentence under 18 U.S.C. § 3474(a)(1). The government argues that we lack jurisdiction to review a sentence within or below the applicable Guidelines range. We rejected that argument in our recent decision in <u>United States v. Cooper</u>, No.05-1447, 2006 U.S. App. LEXIS 3453 (3d Cir. Feb. 14, 2006). In <u>Cooper</u>, we held that an unreasonable sentence is "imposed in violation of law," providing us with jurisdiction under § 3742(a)(1) regardless of where the sentence falls in the Guidelines range. <u>Id.</u> at *5-7. The government also argues that a sentence within or below the applicable Guidelines range is *per se* reasonable. We rejected that argument in <u>Cooper</u> as well. Although "a within-guidelines range sentence is more likely to be reasonable than one that lies outside," a sentence within the Guidelines range is not *per se* reasonable. <u>Id.</u> at *20-21. Instead, the appellant bears the burden of establishing the unreasonableness of the sentence. <u>Id.</u>

We require that the District Court give "meaningful consideration" to the § 3553(a) factors, <u>id.</u> at *11, and to any sentencing grounds "properly raised by the parties which have recognized legal merit and factual support in the record," <u>id.</u> at *21. The

5

District Court does not need to recite these factors or make specific findings with respect to each as long as the record makes clear that the court took them into account. Id. at *12. We apply a "deferential" standard of review to the District Court's application of the factors to the facts of the case. Id. at 15.

We conclude that Nunez's sentence was reasonable. There is no dispute that the District Court adhered to the correct procedures to be followed post-Booker. It carefully considered and discussed the statutory factors and Nunez's arguments. Nunez claims only that his medical condition makes a 216-month sentence unreasonable under § 3553(a). We disagree. In this connection, we note that his multiple sclerosis did not prevent him from distributing 20 kilograms of cocaine over a three year period. Nor have shorter state sentences deterred him from an almost continual involvement in illegal drug distribution. Nothing in the record suggests that the District Court exercised its broad sentencing discretion unreasonably. Accordingly, we will affirm the judgment of sentence.